Granger, C. J.
Section 5242 provides that “A party shall not testify when the adverse party * * * is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee or legatee of a deceased person.” Following this prohibition are eight (8) paragraphs excepting certain cases from its application. Each of these exceptions authorizes the admission of testimony which would otherwise be excluded by the words above quoted. Each of these, except the fifth, is so framed as to plainly show that such is its object.
The fifth exception reads thus:
“ 5. In ah action, or proceeding, by or against a partner, or joint contractor, the adverse party shall not testify to transactions with, or admissions by, a partner or joint contractor since deceased, unless the same were made in the presence of the surviving partner or joint contractor; and this rule shall be applied without regard to the character in which the parties sue, or are sued.” Notwithstanding its form, this paragraph is one intended, as already said, to authorize the admission, in the cases named by it, of testimony that would otherwise be excluded by the first clause of the section. When the administrator of the deceased partner, or joint contractor is a co-plaintiff, said first clause excludes the testimony of the adverse party. •So also if the surviving partner, or joint contractor, claims, or defends, as heir, grantee, assignee, devisee or legatee of his deceased partner, or joint contractor. And as the last requirement of the section reads “ and when a case is plainly within the reason and spirit of the last three sections though not within the strict letter, their principles shall be applied,” it would seem that the prohibitory clause ought to be construed as applying in favor of any party who claims, or defends, under rights derived from a decedent, whether the transfer of interest be effected by the contract or act of the parties, or by operation of law. A surviving partner may sue or be sued, on firm contracts without joining the administrator or executor of his deceased partner. In such case he is the representative of the interest of his dead *338 partner, as well as his own. The spirit of the prohibition applies fully in his favor. But exception “5” intervenes, and allows the adverse party to testify to admissions by, or transactions with, the decedent, if made in the presence of the surviving partner. Although, in terms, admitted against the interest of the surviving partner, such testimony is in effect, admitted against • the decedent; because the judgment will conclude the matter, and the survivor can only be called upon to account to the estate of the decedent for its share of the recovery if any, had. We think exception 5 should be read as if its form were similar to that of each of the other exceptions in this section; that is as a permission to admit, in the cases named, testimony otherwise excluded by the opening prohibition. Obeying at the same time the instruction of the concluding lines of the section, the following seems to.be, upon the whole the true meaning:
“ 5. In actions relating to joint contracts, or partnership transactions, the adverse party may testify to words said, or acts done, in presence of the surviving partner, or joint contractor.” We see no reason for holding that such testimony is inadmissible where the administrator of the decedent is a party. The estate is then no more interested and ■will be no more seriously affected, by the admission of the testimony, than in the case of suit by, or against, the surviving partner as such.
If the witness be allowed to state admissions made, or acts done, by the decedent, in presence of the surviving partner, there is no reason for excluding his testimony as to acts done, or admissions made, by the surviving partner himself. The spirit of exception 5 certainly includes the acts, or admissions, of both parties done, or made, in presence of the survivor.
Mrs. Harrison's answer averred that the only consideration for her signature to the note was the threat to prosecute her •son. The bill of exceptions tells us that the son would have testified to facts tending to prove the truth of this averment. The trial court ought to have admitted the evidence *339 for the consideration of the jury. The judgments below must therefore be

Reversed.